Opinion issued August 11, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00369-CV

———————————

### CHERI VEGA, Appellant

### V.

### ARTURO LIRA, Appellee

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-11473**

---

## MEMORANDUM OPINION

Appellant, Cheri Vega, attempts to appeal from the trial court's two interlocutory orders, the first one compelled payment of the amicus attorney's fees and monetary sanctions, and the second one denied appellant's motion to disqualify the amicus attorney. The trial court had signed the final divorce decree in 2008, and the underlying suit affecting the parent-child relationship ("SAPCR") involved post-

divorce proceedings in which the trial court had, among other things, appointed an amicus attorney ad litem. The appellee, Arturo Lira, filed a motion to dismiss for want of jurisdiction in this Court. We agree with appellee, grant the motion, and dismiss this appeal for want of jurisdiction.

This Court generally has jurisdiction over appeals from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2015) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2015) (listing appealable interlocutory orders); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments.").

On April 4, 2016, the Honorable Sheri Y. Dean signed an "Order on Motion to Compel Payment of Amicus Fees, Awarding Attorney's Fees and Sanction" (hereinafter, "Sanctions Order"). This Sanctions Order, among other things, ordered appellant to pay $6,504.12 in attorney's fees to Karleana Farias, the amicus attorney appointed as attorney ad litem for the minor children, and sanctioned appellant's attorney $500.00 to be paid to Farias. On May 3, 2016, appellant filed a notice of appeal in the trial court from this Sanctions Order, which was assigned to this Court.

On May 12, 2016, Judge Dean signed an "Order on Motion to Disqualify Amicus Attorney" (hereinafter, "Disqualification Order"). This Disqualification Order, among other things, denied appellant's motion to disqualify Farias as amicus attorney. On June 10, 2016, appellant filed a notice of appeal from this Disqualification Order, which was also assigned to this Court under the pending appellate cause number 01–16–00369–CV.

On July 7, 2016, the Clerk of this Court notified appellant that this appeal, involving two interlocutory orders, was subject to dismissal for want of jurisdiction unless she timely responded and showed how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Although appellant did not timely file a response to the notice, she filed a brief on the merits on July 11, 2016, which included a statement regarding the jurisdiction. Appellant's statement essentially summarized the procedural history and stated that the trial judge had informed counsel on March 29, 2016, that counsel could file a post-judgment motion for rehearing after the judge signed the Sanctions Order, which was signed on April 4, 2016. However, appellant's statement is inadequate to show how this Court has jurisdiction over either of her notices of appeal involving the Sanctions or Disqualification Orders.

Also on July 11, 2016, appellee filed a motion to dismiss for want of jurisdiction regarding the second notice of appeal, contending that the May 12, 2016 Disqualification Order was a non-appealable interlocutory order. More than ten days

3

has passed, but appellant has not filed a response to the motion. *See* TEX. R. APP. P. 10.3(a).

Neither the Sanctions Order nor the Disqualification Order are final orders under the Family Code, and they do not fit within any of the categories of appealable interlocutory orders. *See* TEX. FAM. CODE ANN. § 109.002(b); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)–(12). Thus, we must dismiss this appeal for want of jurisdiction. *See, e.g.*, *Smith v. Robertson*, No. 01–15–00538–CV, 2015 WL 9311431, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (dismissing for want of jurisdiction appeal of refusal of trial court to sign an order in SAPCR because records did not include final order) (citation omitted).

## Conclusion

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any other pending motions as moot.[1]

---

[1] However, we note that appellant is not without a remedy and may seek mandamus relief in a properly-filed petition. *Cf. In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (noting mandamus relief is appropriate where trial court abuses discretion in disqualifying counsel because there is no adequate remedy by appeal); *see J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*, 776 S.W.2d 271, 275 (Tex. App.—Dallas 1989, no writ) (concluding "that mandamus will lie, in an appropriate case, to direct a trial court to vacate an order denying a motion to disqualify"); *see also In re Groves*, No. 01–15–00537–CV, 2016 WL 921645, at *4 (Tex. App.—Houston [1st Dist.] Mar. 10, 2016, orig. proceeding) (mem. op.) (granting mandamus petition to vacate oral ruling granting motions to disqualify counsel and for monetary sanctions because, among other things, "the record contains no evidence to support imposition of sanctions on" relator's counsel).

4

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Huddle.